# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**FILED**

FEB - 2 2022

Clerk of Court, United States District Court
Ohio Northern District - AKRON

UNITED STATES OF AMERICA          (          CASE NO. 1:10-CR-00405
     Plaintiff,                          (
                                        (          JUDGE JOHN R. ADAMS
     VS.                                (
                                        (          DEFENDANT'S MOTION FOR
CHRISTOPHER UGOCHUKWU               (          COMPASSIONATE RELEASE
     Defendant.                          (

    NOW COMES, Christopher Ugochukwu Pro-Se Petitioner who moves this Honourable Court to grant him Compassionate Release for the "Extraordinary and Compelling" reasons stated herein. Ugochukwu also seeks this Honourable Court to Appoint him Counsel to represent him in his quest for a Sentencing Reduction of time-served.

## FACTUAL AND PROCEDURAL BACKGROUND

    In 2010, the government returned a 42-Count indictment against defendant Christopher Ugochukwu and 23 Other individuals, of which three (3) Counts related to Ugochukwu. The Charges arose out of a drug-trafficking Conspiracy (§846). Ugochukwu proceeded to trial in the matter, after which a jury found him guilty of all Counts. Count One: Conspiracy to possess with intent to distribute One Kilogram or More of heroin, in Violation of 21 U.S.C §841(a)(1) and 846, and was Sentenced to 320 Months; Count Two: Possessing with intent to distribute One Kilogram or More of heroin, in Violation of 21 U.S.C §841(a)(1) and was Sentenced to 120 Months; and Count Three: Using a Communication facility to facilitate a felony drug trafficking offense, in Violation of 21 U.S.C §841(a)(1), 843(b), and 846, and was Sentenced to 60 Months. All these Sentences, was Ordered to run Concurrently and Ugochukwu was to serve a total of 320 Months in Prison, followed by a total of Five years of Supervised release.

    Conspiracy (§846) Count enhancements, triggered his base Offense level to 36 and with additional 4 level of a Leadership role to 40, Yielding

a guidelines range of 292-365 months in prison. Without the Conspiracy enhancements, Mr. Ugochukwu's total offense level would have been 30, yielding a guidelines range of 97-121 months in Prison, at Criminal History Category One (1) in this Post-Havis and McCall's Era.

Mr. Ugochukwu has been in federal custody since July 27th, 2010. He has served 137 months in Prison. His release expiration full term date is scheduled to be March 26th, 2037. Ugochukwu is currently housed at F.C-1 Victorville 1, in Adelanto California.

## APPOINTMENT OF COUNSEL

The Supreme Court recognized that the right to Counsel extends to Post-Sentencing Proceedings related to the Underlying judgment in Mempa v. Rhay, 389 U.S. 128, 135 (1967); Gideon v. Wainwright, 372 U.S. 335 (1963) (appointment of Counsel for an indigent is required at every stage of a Criminal proceeding where Substantial rights of a Criminal accused may be effected).

The Criminal Justice Act Specifically provides that a person who had Counsel appointed under the CJA for a felony charge is entitled to be represented at every stage of the proceedings. 18 U.S.C § 3006A (b) and (c).

Ugochukwu meets both of the above criteria for the Appointment of Counsel, and this Court Should appoint Counsel in this Case.

## LEGAL STANDARD

Mr. Christopher Ugochukwu has Moved this Court for re-sentencing pursuant to 18 U.S.C. § 3582(c)(1)(A), Citing the disparity that results when considering the Sentence imposed in 2011 juxtaposed with the Sentence which he would not be Subject to given the current legal clarification of U.S.S.G § 4B1.2 and the application notes after United States v. Havis, 927 F. 3d 382 (6th Cir. 2019) (en banc); United States v. McCall, No. 21-3400 (6th Cir December 17, 2021).

In Havis, Sixth Circuit Court held that "the Commission's Use of Commentary to add attempt Crimes to the definition of 'Controlled Substance Offense' deserves no deference." 927 F. 3d at 387. Rather, we held, "the text of § 4B1.2 (b) Controls, and it makes clear that attempt Crime do not

(2)

qualify as Controlled Substance Offenses." id. Because Conspiracy, Offenses likewise appear in Only the Commission's Commentary to §4B1.2 and not in the guideline itself, id at 386, the government Conceded that the Brown's §846 Conspiracy Offense did not qualify as a Controlled Substance Offense and the district Court agreed. — See United States v. Brown, NO. 19-2490 (6th Cr. October 30, 2020). United States v. Cordero, 973 F.3d 603, 626 (6th Cr. 2020), reh'g denied (Nov. 3, 2020)(We have acknowledged that, in light of Havis, Conspiracy to distribute Controlled Substance is not a "Controlled Substance Offense" Under §4B1.2.(b). See, e.g., United States v. Stephens, 812 F. App'x 356, 357 (6th Cr. 2020) (Mem.)(Per Curiam)(Conspiracy to distribute Cocaine).

A Conspiracy Conviction Under 21 U.S.C.S §846 is a Categorical Mismatch to the generic Crime of Conspiracy enumerated in U.S. Sentencing Guidelines Manual §4B1.2 (b). — See United States v. Norman, 935 F.3d 232 (4th Cr. August 15, 2019). This had been wildly acknowledge in Multiple Circuits, including this Our Sixth Circuit that U.S. Sentencing Commission Stepped beyound the Congressional limits by Making attempt, Conspiring, aiding and abetting Crimes a Controlled Substance Offense Under U.S.S.G §4B1.2, Cmt., application note 1. — See Havis, 927 F.3d 382 (6th Cr. 2019)(en banc).


## APPLICATION STATUTES AND GUIDELINES FOR COMPASSIONATE RELEASE

In the First Step Act of 2018, Congress Sought to invigorate the Seldom-Used Compassionate release Mechanism in its efforts give Meaning and effect to Section 3582 (c)(1)(A), by providing inmates with direct access to requests for Compassionate release with the district Court after either exhausting administrative rights to appeal the Director of the BOP's failure to file Such a Motion or the passage of 30 days from the defendant's unanswered request to the Warden for such relief. — See 132 Stat. at 5239.

Mr. Ugochukwu has Exhausted all administrative remedies by Seeking Compassionate Release through the Warden at F.C.1 Victorville 1, Adelanto, California Ms. T. Tusino, Which went unanswered but was filed on 19th December, 2021 at 06:44:38 PM and thirty (30) days had elapsed — See Exhibit A.

Congress in the Sentencing Reform Act of 1984, abolished federal parole.

③

and forbade the federal Courts from "Modifying a term of imprisonment Once it has been imposed." Congress at the Same time Carved out an exception Known as Compassionate Release: federal Courts Could reduce a Sentence when "Warranted" by "extraordinary and Compelling reasons" 18 U.S.C § 3582 (c)(1)(A) 1984. This intention was to provide a window where "Changed Circumstances" regarding the length of a term of imprisonment, Medical Conditions, Changes in Guidelines, etc, May be addressed, notwithstanding Congress's Knowledge of the existence of Separate, Post-Conviction Statutory devices in Title 28 of the U.S. Code.

In 2018 Congress felt Sentencing Reform Act's enactment purpose wasn't actualized, So they made an amendment and First Step Act was born, as a fast-track. Based on that, this Very Circuit adopted a three-Step test Statute, governing Compassionate Release for their district Courts. First, "the Court initially must find that "extraordinary and Compelling reasons warrant Such a reduction." United States v. Ruffin, 978 F.3d 1000, 1004 (6th Cir. 2020) (quoting 18.U.S.C § 3582(c)(1)(A)(i)). Second, "the Court next must find that Such a reduction is Consistent with applicable policy Statements issued by the Sentencing Commission". id at 1005 (quoting 18 U.S.C. § 3582 (c)(1)(A). Finally, "the Court may not grant the reduction before "Considering the factors Set forth in Section 3553(a) to the extent that they are applicable". id. (quoting 18 U.S.C § 3582(c)(1)(A)).

Courts throughout the Country are relying upon the finding that extraordinary and Compelling Circumstances, include Sentences which no longer are applicable and are grossly disproportionate to a Sentence which would be imposed in the present. This reliance of the discretionary power to amend a Sentence is Consistent with the Congressional purpose Cited in the Commentary to the Comprehensive Crime Control Act, and the Re Sentencing Reform Act. See, S. Rep. 98-225 at 121 (describing § 3582 as providing "Safety Valves," including to "assure the availability of Specific review and reduction of a term of imprisonment for "extraordinary and Compelling reason").

① EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

A). UNUSUAL SENTENCING DISPARITY

Christopher Ugochukwu was Caught in the possession of less than Two

④

Kilograms of heroin through drug Conspiracy §846 investigation, which falls under 21 U.S.C. § 841(a)(1) and (b)(1)(A), a Possession with intent to distribute One Kilogram or More. It Carries a base Offense level of 30 and a Sentencing guideline range of 97 – 121 Months due to his none Criminal history. Thus, the government use of the U.S.S.G §4B1.2's Cont, application note 1 triggered his Sentencing guideline range to 292 – 365, a Staggering difference. This erroneous application of Conspiracy (§846), enhanced his base Offense level to 36 and gave him 4 level of Leadership role, with a Combine total of 40. Ugochukwu was Convicted through Conspiracy and Sentenced Solely basis off of that, to 320 months imprisonment. — See United States v. Ugochukwu, No. 17-3073 (6th Cr. April 26, 2018).

Mr. Ugochukwu's Conspiracy Conviction is no longer applicable as a Controlled Substance Offense, thus Ugochukwu Still remain incarcerated even after Havis. — See United States v. Havis, 927 F.3d at 386 – 387; United States v. Brown, No. 19-2490 (6th Cr. October 30, 2020)(the government Conceded that the Brown's §846 Conspiracy Offense did not qualify as a Controlled-Substance Offense, and the district Court agreed); United States v. McCall, No. 21-3400 (6th Cr. December 17, 2021); United States v. Butler, 812 F. App'x 311, 314 (6th Cir. 2020)("Although the Specific facts of Havis involved an attempt Crime it's reasoning applies with equal force to Other inchoate Crimes not listed in the text of §4B1.2(b)").

Ugochukwu's disparate Sentence Marks a Clear line of disparity between the 320 Months Sentence imposed and the 97 – 121 months Sentence range that applies after Havis and McCall. There is excess disparity of 200 plus Months, if Mr. Ugochukwu were to be Sentence today. Ugochukwu's Sentencing disparity is grossly disproportionate, indeed, the Very purpose of Congress Conceiving and enacting Statute § 3582(c)(1)(A). — See United States v. McCoy, 981 F.3d 271, 287 (4th Cr. 2020)(Congress intended for §3582(c)(1)(A) "to provide a 'Safety Valve' that allows for Sentence reductions "to any defendant" when there is not a Specific Statute – that already affords relief but 'extraordinary and Compelling reasons' nevertheless 'justify a reduction'"); United States v. Mcgee, 992 F.3d 1035 (10th Cr. March 29, 2021).

It had been Clearly established by the Sixth Circuit that Sentence disparities wrought by a Change in a legal interpretation or Clearification, Constitute an

⑤

extraordinary and compelling circumstance under 18.U.S.C. § 3582(c)(1)(A) — See Havis, 927 F.3d 382 (6th Cir. 2019)(en banc); United States v. McCall, No. 21-3400 (6th Cir. Dec. 17, 2021); United States v. Jackson, 515 F.Supp. 3d 708, 712-14 (E.D. Mich. 2021); United States v. Lawrence, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. March 8, 2021); United States v. Wahid, No. 1:14-cr-00214, 2020 WL 4734409 at *2-3 (N.D. Ohio August 14, 2020).

Pursuant to Havis and McCall, then, Christopher Ugochukwu's Possession Conviction under 21 U.S.C.§841(a)(1) and (b)(1)(A) would not have triggered an enhancement on his base offense level and neither would it had given him a leadership role, but, Conspiracy (§846) did, and it's result still restricted Ugochukwu's Liberty. His Conspiracy Sentence Conviction was a decision that was erroneously made, which justify a Sentencing reduction of time-served as a remedy after legal clearification in Havis. Congress intended to use Compassionate release Statute in unique cases like his. Ugochukwu's predicament is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted.

## B). HEALTH

Mr. Ugochukwu is two hundred and forty-three (243) pounds weight, in a five-eleven (5'.11") feet height body-frame. Which according to the medical experts, are considered over-weight (obese) in the scale of Body Mass Index (BMI). Ugochukwu is an obese individual that is susceptible to any respiratory disease or virus. Since January 4th, 2022 F.C.1 Victorville. 1 faculty has been in total lock-down. On 7th January, around fifty (50) inmates had tested positive with the virus and some, seriously ill but no dead-body count has been revealed as of yet. Quite sure by today, those figures must have been surpassed.

Corona Virus had been a constant threat to Ugochukwu's very own existence due to his Obesity issues, age and it's constant mutation. Even though Ugochukwu had been vaccinated, with virus constant mutation, whose is to say how deadly the next variant will be for an ill respiratory System? Studies has shown that Covid-19 is a new, complex and evolving disease, and experts required time to begin to understand it. If the experts and CDC can't fully understand and predict it's next move as yet, who can?

Till this day of 23rd January 2022, Ugochukwu is still on Cell-lockdown because of the Virus's highly Contagiousness. The administration do not know how long this wave of Variant will stay in their facility, how many Casualties it will take in its wake or when the facility will resume normal Operation. The truth of the Matter is that, Ugochukwu don't want to die in Prison. — See Exhibit B

## SECTION 3553(a) FACTORS

Where there are "extraordinary and Compelling reasons" §3582 (c)(1)(A)(i)(ii), a "Court .... May reduce the term of imprisonment (and May impose a term of Probation or Supervised release with or without Conditions that does not exceed the Unserved portion of the Original term of imprisonment), after Considering the factors Set forth in 3553(a) to the extent that they are applicable." §3582 (c)(1)(A).

## A). PUBLIC SAFETY

Mr. Ugochukwu is a First-time Offender and a non-Violent Offender too. He has no history of Violence. He is Classified as a Low risk level recidivism inmate. As a Matter of fact, Ugochukwu is not or would ever be Considered a public Safety issue Candidate, in the Sense that he will be directly Deported/Removed from prison to his native Country Nigeria, without ever Setting his foot on a American Public again. His Permanent resident Card (Green Card) had been revoked after his Conviction was final and he has ~~not~~ no interest on Contesting it. — See ICE for his immigration Status.

Ugochukwu is Convicted of "aggravated felony," 21 U.S.C § 841 (a)(1) and (b)(1)(A), the Attorney General must take him into Custody immediately upon his release from the BOP to Immigration and Customs Enforcement (ICE) detention Center. — See id. § 1226 (c)(1)(B). The ninety-day removal period will Kick-in on his arrival at the ICE Holding, see id § 1231(a)(1)(B)(iii), during which detention is Mandatory, see id § 1231(a)(2), and Ugochukwu is not entitled to a bond hearing, See Martinez v. LaRose, 968 F. 3d 555, 564 (6th Cir. 2020). It is Obvious that deportation for non-Citizens, is an ideal Mechanism to Maintain Public Safety, while reducing the Size of federal Prison population as Congress intended.

⑦

## B). SERIOUSNESS OF THE OFFENSE / DETERRENCE

Factually, Mr. Ugochukwu had fully served 120 months, the highest Sentencing guideline range established for the punishment (Ten (10) year penalty of Possession with intent to distribute) attributed to his Crime. Which is a well enough time, he had used to reflect on the Seriousness of his offense. His punishment is Maximum deterrent mechanism apportioned for his Kind of Conduct today. He has Served his time and deserved to be Home. — See Ruffin, 978 F. 3d at 1008/6th Cir. 2020)(noting that in deciding whether to grant a Sentence reduction, the amount of time the defendant has Served on his Sentence encompasses Several § 3553 (a) Sentencing factors); United States v. Rizk, No. 20-4096 (6th Cir. February 24, 2021).

His Conspiracy (§ 846) Conviction, was a misinterpretation of a Law that Should never had been applicable. — See SEC v. Chenery Corp., 318 U.S. 80, 94, 87 L. Ed. 626, 63 Ct. 454 (1943)(if the action is based upon a determination of Law as to which the reviewing authority of the Courts does Come into play, an Order May not Stand if the agency has Misconceived the law).; United States v. Price, 990 F. 2d 1367 (D.C. Cir. April 23, 1993). Even at that, he had Served More than fifty (50%) Percent of that erroneous Conspiracy Sentence. His deportation out of this Country, will not only Safeguard American Community but also will Serve as a dissuading factor to him, ever Committing the Same Crime again because he will be on the other Side of the world (Africa), approximately 5,352 Miles (18,807 Kilometers) apart.

It is a fact that Continue incarceration of Mr. Ugochukwu would be disproportionate to both Seriousness of the offense and to what Sixth Circuit and Congress now, deem appropriate for this Kind of Conduct. — See United States v. McCoy, 981 F. 3d 271 (4th Cir. December 2, 2020).

## C). AGE

Mr. Ugochukwu is Fifty (50) years Old and had been remorseful on what he did. Like the Saying goes "Without Sin, there will be no forgiveness". Ugochukwu had atoned for his Sin and deserve a Second Chance. He has an ageing Mother in Nigeria, who is literally Counting her last days on earth and ever wondering if She will hug her Son again in this lifetime. He has wife and children, of

⑧

Some had grown up without him in their lives. Regretfully, an experience he will never relive. He has family and friends who can't wait to have him in their life again.

## JEFFERY HAVIS's EFFECT

Review of the 3553(a) factors also requires assurance that the appropriate Guidelines were used and applied correctly, and that the Sentence does not create an untoward disparity for Similarly Situated individuals. This Sentencing factor directly relates to the application of United States v. Havis, and the Comparison between the 320-Month Sentence imposed and the top-of-the guideline 121-Month Sentence which would apply today. Should this Court determine that this disparity cannot be corrected, Mr. Ugochukwu will Serve an additional 184 Months, almost 15 plus years, more than he would have, had Courts determine that the Sentencing Commission was not permitted to Expand the Congressionally authorized definitions for Controlled Substance offense and Crime of Violence in U.S.S.G. §4B1.2 at the time of Sentencing. The disparity of Such an increase, Close to three (3) times the high end of the applicable Guidelines range, is able to be remedies through the excersise of discretion in this Case. See United States v. Lawson, 824 F. App'x 411, 412 (6th Cir. 2020) (When "deciding whether to grant a defendant's Motion Under the First Step Act, the district Court May Consider — as Simply a 'factor' Under 18 U.S.C § 3553 — that the defendant was Sentenced based in part on what would now be Considered a legal Mistake"); United States v. Maxwell, 991. F.3d 685 (6th Cir. March 19, 2021).

## CONCLUSION

For the reasons raised in the Motion thereto, Mr. Christopher Ugochukwu respectfully requests this Court to grant this Motion and appoint him a Counsel in pursuant of Obtaining any further documentations and evidences in Lacking, to Support his quest for re-Sentencing of time-Served and immediate release to ICE for deportation to his native Country, Nigeria

Respectfully Submitted

Christopher Ugochukwu

CHRISTOPHER UGOCHUKWU (PRO-SE)

# CERTIFICATE OF SERVICE

This is to Certify that a true and Correct Copy of Defendant Christopher Ugochukwu's Compassionate Release brief is Mail on this 23rd day of January, 2022, to the Clerk of Court for filing. Please do notify and send Copies to all parties in this Matter and also, are indicated on the electronic filing.

Petitioner Pro-Se

Christopher Ugochukwu

CHRISTOPHER UGOCHUKWU

F.C.1 VICTORVILLE 1

P.O. Box 3725

ADELANTO, CA 92301