IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Page: 1

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>Vs.<br><br>CHRISTOPHER UGOCHUKWU<br>Defendant | CASE NO: 1:10-CR-00405<br><br>JUDGE JOHN R. ADAMS<br><br>Reply to Government's Response in Opposition to Petitioner's Motion For Reduction Of Sentence Under 18 U.S.C § 3582(c)(1)(A) |

FILED
JUL 18 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Comes Now, Christopher Ugochukwu Pro-se Petitioner, respectfully submits this reply to the government's argument in Opposition to his motion for Compassionate Release Under 18 U.S.C § 3582(c)(1)(A). This reply is primarily intended to correct certain factual prevarications offered by the government, in an effort to either to Obfuscate or Mislead this Honourable Court's inquiry.

## REBUTTAL ARGUMENT

1). THE GOVERNMENT'S MISSTATEMENT OF FACTS:

The government disingenuously attempts to mislead this Honourable Court's analysis by regurgitating and Convoluting Certain facts on defendant's request Motion. The defendant also Known as "Petitioner" did exhaust all the administrative remedy required by the First Step Act of 2018, when Seeking Compassionate Release request through it's provision. The defendant's Compassionate Release request was forwarded to then, Warden T. Jusino, through her inmate's electronic Correspondence link (Corr-link Service). — See Re-attached Exhibit A (Compassionate Release Request to the Warden).

This medium (Facsimile) is highly encouraged by the administration, in Other to quickly Serve and attain to inmates problems, promptly. This Corr-link or trulincs Service also links a prisoner, directly to whomever, he is soughting for, Server and with that the inmate will have a reciept of

that interaction(s), for future references.

Mr. Ugochukwu submitted the said request on 19th December, 2021 at an exactly 06:44:38 PM. Of which can be easily retrieve from the institution's system data archives by the Victorville Medium 1 F.C.I's data analysis Manager or it's Computer Officer. It is easily verifiable.

AUSA Joyce claim of the defendant's request not being in the institution's record, is absolutely absurd and misleading. At least, the government at it's best acknowledged that the defendant did file his Compassionate Release brief on 2nd February, 2022. — See Gov't's Res. Pg. 4 (On February 2, 2022, Ugochukwu filed a Motion for Compassionate Release re First Step Act of 2018. (R. 1015: PageID 7911-7921)). It is quite obvious that, from December 19, 2021 to February 2, 2022, is way passed 30 days of waiting period for an answer on a administrative remedy from the Warden, in regards to 18 U.S.C § 3582(c)(i)(A), as Mandated by Congress through the First Step Act of 2018.

The defendant understood that the Sixth Circuit had ruled that the exhaustion requirements found in §3582(c)(i)(A) are mandatory and thus, present "a glaring roadblock foreclosing Compassionate release." — See United States v. Alam, 960 F. 3d 831, 835 (6th Cir. June 2, 2020); United States v. Raia, 954 F. 3d 594, 597 (3rd Cir. 2020). And, an inmate who seek this relief procedure, have the option to take their claim to federal Court within 30 days, no matter the appeals available to them. — See United States v. Kelly, No. 2:15-cr-00247, 2020 U.S. Dis Lexis 224928, 2020 WL 7046960, at *3 (S.D. Ohio Dec. 1, 2020).

The Petitioner is also fully aware that his Compassionate Release Motion will be ripe, if he receives a denial and was able to fully exhaust all of his administrative remedies before the 30 days waiting period has elapsed or he can wait 30 days from the date he submitted his request to the warden, regardless of whether the warden responds. The latter, is what happened in this case.

As the Petitioner had previously noted, he filed after 30 days on no response from Warden T. Jusino, in fulfillment of the Congressional Procedural mandate, in regards to §3582(c)(i)(A).

2). GOVERNMENT'S MCCALL ARGUMENT:

The government asking this Honorable Court to deny this defendant's relief solely base on United States v. McCall's en banc holding on nonretroactive legal developments, is ridiculously unreasonable.

At least AUSA Joyce (Government) has conceded that, in the evasion of McCall, Mr. Ugochukwu has a merit for relief. — See Request in Abeyance Pending (R. 1024: Page ID 7954-7958) (Because the Sixth Circuit's decision in McCall will directly affect the eligibility issues Christopher Ugochukwu presents in his pending Compassionate-release motion).

McCall, if not already, will be desolated or eroded in couple of months, just like the defendant had previously predicted and opined in his Supplemental Brief for Reduction in Sentence. — See Ugochukwu Supplemental Motion for Compassionate Release re First Step Act of 2018 (R. 1032: Page ID 7977-7984) (Bear in mind that events have just overtook the government's argument in regards to McCall's non-retroactive applicability to Mr. Ugochukwu's Compassionate Release Motion by the way of Concepcion's decision in the Supreme Court).

The Supreme Court in Concepcion had held even before en banc McCall's decision that district courts can consider all relevant information, subject only to constraints by Congress or the Constitution, when discharging their responsibility to sentence the whole person before them. — See Concepcion v. United States, 142 S. Ct. 2398; United States v. Chen, 48 F. 4th 1092, 1095-96 (9th Cir. 2022); United States v. Arriola-Perez, No. 21-8072, 2022 WL 2288418, at *2 (10th Cir. July 1, 2022); United States v. Brice, No. 21-6776, 2022 WL 3715086 at *2 (4th Cir. Aug. 29, 2022); United States v. William Serrano Domenech and Alejandro Serrano Domenech, No. 21-1434/1466 (6th Cir. March 31, 2023). And even went further to state that nothing prohibits a district court from considering intervening changes of law or fact in adjudicating a First Step Act Motion and, moreover, that a district court is required to consider such changes when raised by a party to the proceeding. Because district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when

parties raise them. By it's terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence base on those arguments. id. at 2396. Relevant to this appeal the court specifically noted that district courts have properly "considered nonretroactive Guidelines amendment to help inform whether to reduce sentences at all, and if so, by how much," and referred to such changes as "relevant and probative information." id at 2403. Concepcion did clear any confusion(s) regarding intervening changes or non-retroactive changes in law and also specifies a plain guideline or framework for First Step Act case. — See McCall's Judge Moore dissenting Op. (The Supreme Court recent decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), provides a roadmap for resolving the issue before us); United States v. William Serrano Domenech and Alejandro Serrano Domenech, No. 21-1434/1466 (6th Cir. Mar. 31, 2023)(Concepcion thus clears any confusion regarding intervening changes and specifies a framework for First Step Act cases).

In 2018, Congress moved to increase the availability of compassionate release by reforming § 3582(c)(1)(A) in the First Step Act. The Act altered the compassionate-release landscape by shifting power from the BOP's and Sentencing Commission's exclusivity, to the district courts in two ways. First, the Act "ousted the BOP from it's preclusive gatekeeper position" by empowering imprisoned individuals to file motions for compassionate release without the support of the BOP under certain circumstances, as the defendant had previously opined in his release request. — See also United States v. Jones, 980 F. 3d 1098, 1105 (6th Cir. 2020). Second, the Act freed the district courts to define the phrase "extraordinary and compelling" without reference to the Sentencing Commission's guidance, Until the Sentencing Commission form a quorum and issues guidance for defendant-filed motions. — See United States v. Sherwood, 986 F. 3d 951, 953 (6th Cir. 2021). These changes was to empower district courts to "define 'extraordinary and compelling' on their own initiative" when evaluating motion filed directly by incarcerated persons, like this defendant. — See United States v. Elias, 984 F. 3d at 519-20. Congress removed several limitations on the district court's

discretion in defining extraordinary and compelling reasons. But, only inserted one caveat in it's operative textual limitation on the phrase: "rehabilitation of the defendant alone" cannot constitute "an extraordinary and compelling reason" for a sentence reduction. — See McCall's en banc dissenting opinion. And, reverse is the case too, on that phrase.

Those are two factual amendment enactment act and the limitation, the Congress had done through First Step Act of 2018 to remedy the ineffective and seldomly use of §3582(c)(1)(A). In the en banc McCall's decision, the Majority purports to read §3582(c)(1)(A) to imposed a third limitation: nonretroactive changes in Law, whether alone or in combination with other factors, cannot be extraordinary and compelling reasons for Compassionate release. — See Dissenting Opinion on McCall's en banc. Congress did not impose or insert such a limitation, and neither do the Supreme Court. AUSA Joyce, is urging and persuading this Honorable Court to adopt the same stance, in reading additional limitation into §3582(c)(1)(A) like the Majority Opinion in McCall did. An Opinion, that has been eroding fast from it's inception, like a sinking ship (Titanic). Sixth Circuit has long declined to add restrictions to Congress's chosen text. — See Gen. Med, PC v. Azar, 963 F.3d 516, 521 (6th Cir. 2020) (stating that Courts "should not add language that Congress has not included"). The Majority Opinion en banc's McCall, did exactly that. — See Dissenting Op. McCall. The government in this case is actually asking this Honorable Court to sink with the ship by denying Mr. Ugochukwu's submitted Compassionate Release request. How unjust is that?

The Supreme in Concepcion's decision specifically addressed the Circuit Split on nonretroactive changes issues. — see id. at 2400 (In many cases, a district court is prohibited from recalculating a Guidelines range in light of nonretroactive Guidelines amendments, but the [district] court may find those amendments to be germane when deciding whether to modify a sentence at all, and if so, to what extent). The Sentencing Commission on April 6, 2023, re-enforced the Supreme Court's assessment on nonretroactive issues by mandating a forceful change in U.S.S.G 1B1.13. "The Commission's proposed, currently adopted amendments

and soon to be enacted Law by Congress on November 1, 2023 goes contra to the position of the Sixth Circuit (Majority Opinion on McCall's en banc) and some other Circuits, that a "Change in Law" CAN serve as an extraordinary and compelling reasons for sentence reduction. The Commission, even amped-up the ateam by including "Unusually Long Stentences" as another Criteria to a relief in U.S.S.G § 1B1.13.

The defendant fall into both categories in the sense that, a lot of intervening changes of Law or Fact had happened since he first appeared in front of this Honourable Judge. — See Ugochukwu's Supplemental Motion for Compassionate Release re First Step Act of 2018 (R. 1032 : Page ID 7977-7984). The defendant had served thirteen (13) plus solid years, Over the maximum sentence (10 years) apportioned by the Congress on a possession with intent to distribute two Kilograms of Heroin offenses. — See Ugochukwu's Motion for Compassionate Release re First Step Act of 2018 (R. 1015 : Page ID 7911-7921).

The Majority Opinion in McCall's en banc decision, did walls themselves off from the context that should have guided their interpretation of Congress's work and did substitutes it, with their own inflexible judgement for the reasoned discretion of the district courts. Even after the beckoning of Judge Moore to join in the historical context with the First, Fourth, Ninth and Tenth Circuits in declining to read additional limitations into § 3582(c)(1)(A). — See United States v. Ruvalcaba, 26 F. 4th 14, 25-28 (1st Cir. 2022); United States v. McCoy, 981 F. 3d 271, 286 (4th Cir. 2020); United States v. Chen, 48 F. 4th 1092, 1095-96 (9th Cir. 2022); United States v. McGee, 992 F. 3d 1035, 1047-48 (10th Cir. 2021).

In Judge GIBBON's words, "When the Supreme Court speaks this broadly, we cannot ignore it. The Sentencing Commission has finally form a quorum and also have spoken, after Five (5) years of hiatus, on a definite Criteria to be applied when evaluating the reasons of what constituted "extraordinary and compelling circumstances. — See Sentencing Commission's new proposed Amendment on U.S.S.G § 1B1.13(6)(c) — (Limitation on Changes in Law).

3). GOVERNMENT'S ARGUMENT ON PUBLIC SAFETY FACTOR:

The government citation of defendant's minor infractions in prison and his criminal history as a reason to deny his request for reduction, is lacking in candor. Firstly, the defendant is a first-time non-violent offender, who has no history of conviction prior to this one. Secondly, his minor infractions was properly penalized and punished by the Bureau of Prisons. — See United States v. Ayala, 540 F. Supp. 2nd 676, 2008 U.S. Dist. LEXIS 14286 (W.D. Va., Feb. 26, 2008) (Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the Court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined that the defendant's infractions warrant a reduction in his good time, then the defendant may be required to serve the entirety of his new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes he committed in prison); United States v. Woods, 2021 U.S. Dist. LEXIS 119971 (6th Cir. June 25, 2021) (This Court is not persuaded that Woods good conduct in prison necessarily represents a new respect for the legal system).

Additionally, the undersigner for the government purporting that the defendant poses a safety factor issues and setting him free will be inconsistent with the § 3553(a) factors, only because he was a "drug trafficker", is actually purportrous. This line of government's argument is misleading at it's best, in the sense that, it overlooks the mechanism already provided by the sentencing guidelines for considering drug trafficking conduct through the rubic of U.S.S.G § 2D1.1. — See also United States v. Ayala, 540 F. Supp. 2d 676, 679 (W.D. Va. 2008) ("To do as the government suggests, would doubly penalize [Petitioner] for his [drug trafficking]. Absent any evidence that the [sentencing guidelines] uniquely fail to reflect his actual ..... danger to the public", Petitioner's underlying drug trafficking itself should not "bar reduction in sentence").

Mr. Ugochukwu's sentence had already reflected the seriousness of his drug trafficking offense. As the defendant has previously noted,

that he had served thirteen (13) solid plus years in counting, and approximate Four (4) years over the Maximum penalty apportioned for a Possession of Two (2) Kilograms of Herion Offenses by the Congress, through the Sentencing guidelines of § 2D1.1. The Sentencing Commission amended § 2D1.1 of Sentencing guidelines with the enactment of Amendment 782 and made it retroactive. Which will be the driving force of this Honourable Court on the defendant's resentencing to time-served. — See Ugochukwu's Motion for Compassionate Release re First Step Act of 2018 (R-1015: Page ID 7911-7921) (Christopher Ugochukwu was Caught in the Possession of less than two kilograms of herion through drug conspiracy § 846 investigation, which falls under 21 U.S.C § 841(a)(1) and (b)(1)(A), a possession with intent to distribute One Kilograms or more. It carries a base offense level of 30 and a Sentencing guideline range of 97-121 months due to his none criminal history).

Mr. Ugochukwu is doing Unusual Long Sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) as the Sentencing Commission dully instructed, may be Considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the Sentence being Served and the Sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. — See Proposed Sentencing Commission New Amendment (U.S.S.G § 1B1.13(6) — (Unusually Long Sentences). It is like the Sentencing Commission, Consciously Crafted this particular provision relief with Mr. Ugochukwu's predicament in Mind. What more, can be said.

## CONCLUSION

For these reasons, Mr. Christopher Ugochukwu humbly requests that this Honourable Court ignores, the government's opposition in this matter and grant him the relief he requested in his motion for

reduction of Sentence Under § 3582(c)(i)(A).

Respectfully Submitted
*Christopher Ugochukwu*
CHRISTOPHER UGOCHUKWU (Pro-se)

# Certificate Of Service

This is to Certify that a true and Correct Copy of Defendant, Christopher Ugochukwu's Reply to Government's Response in Opposition to Petitioner's Motion for Reduction of Sentence is Mail on this 11th day of July, 2023, to the Clerk of Court for filing. Please do notify and send Copies to all parties who have vested interest in this matter and also, are indicated on the electronic filing.

Petitioner
*Christopher Ugochukwu*
CHRISTOPHER UGOCHUKWU
F.C.I VICTORVILLE 1
P.O. Box 3725
ADELANTO, CA 92301