UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

**FILED**

OCT 0 9 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| (Plaintiff) | § | CASE NO. 1:10-CR-405 |
| v. | § | |
| | § | |
| CHRISTOPHER UGOCHUKWU | § | JUDGE JOHN R. ADAMS |
| (Defendant) | § | |

**MOTION TO REDUCTION OF SENTENCE**

**UNDER 18 U.S.C § 3582(c)(2), VIA**

**U.S.S.G. AMENDMENT 782 and 788**

Defendant, Christopher Ugochukwu, acting pro se in pursuant to 18 U.S.C § 3582(c)(2), U.S.S.G. §1B1.10 and U.S.S.G. Amendment **782 via** it's Amendment **788**(both eff. Nov. 1,2014). Amendment 782 modified U.S.S.G. § 2D1.1(c), the Sentencing Table for all Federal drug offenders, by reducing all base offense levels by two. This Amendment was made retroactive to all drug offenders, who are already sentenced and thus allows Mr. Ugochukwu to seek a sentence reduction of **235 months** in that regards. He also meets the criteria set forth in 18 U.S.C § 3582(c)(2) for a sentence reduction.

### PROCEDUAL BACKGROUND

Congress through the Commission enacted Amendment 782 that was effective in 2014 and also made it retroactive at that time. On 21st April, 2015, Mr. Ugochukwu through an appointed Counsel, filed a pleading related to 782 Motion(DKTS. #843-1). The counsel also supplemented that motion, where he went on to explained Mr. Ugochukwu's eligibility for a reduction Under 18 U.S.C § 3582(c)(2), U.S.S.G. § 1B1.10, U.S.S.G Amendment 782 and it's retroactivity(DKTS. #843). The government opposed the the said motion but acknowledged that Amendment 782 was retroactive, and that Mr. Ugochukwu were eligible for a reduction but raises a Public Safety concern (DKTS. #847). The Court also found the Defendant eligible for a reduction but uses it's discretion to denied Mr. Ugochukwu on the note that, it is not appropriate at that time(DKTS. #877).

## ARGUMENT/ANALYSIS

**A). Eligibility:**

On October 20,2015, this District Court through the Hon. Judge Adams Ordered a decision that stated, and i quote, **"Under the First Step of the analysis, the Defendant would otherwise be eligible for a Sentence Reduction Under §1B1.10. Under the 2014 amendment 782 to the Sentencing Guideline, the Defendant would be eligible for a reduced sentencing guideline range of 235 to 293 months, as reflected by a total offense level 38(reduced base level of 34 and a four level enhancement for being a leader/organizer) and a Criminal History Category designation of 1. However, after reviewing the nature and the circumstances of the offense and considering the other Statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropraite at this time".-** see DKTS. #877.

Mr. Ugochukwu was among those included in the Commission's determined and estimated **46,000 offenders** that would benefit from the retroactive application of Amendment 782 Subject to the Limitation in §1B1.10(e), and with an average sentence reductions of an eighteen(18) percent on approximately, which means, the percentage could be higher. These are according to their data-driven analysis on 2014 statistics report by the Commission to the Congress. This defendant is still lost in that count. **-see U.S.S.G. Amendment 788.**

The Commission's motive for the Amendment 782 and it's retroactivity, was to reflect the Commission's determination, that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate mechanism in alleviating the Over-capacity of the Federal prison. **-see 28 U.S.C. §884(g)(requiring the Commission to formulate guideline to "minimize the likelihood that the federal prison population will-exceed the capacity of the federal prisons).** Of which that dream by the Congress, had not been realized till this day, due to some over zealot government officials. Who do go to any length to keep those federal prisoners who are accounted for reliefs, incarcerated, to the point of criminality. Just like in Mr. Ugochukwu's case. For example, the facility(F.C.I. Victorville Medium 1, Adelanto, Claifornia) defendant is currently housed-in, do stay on constant institutional lockdowns, due to an over-capacity in their Special Housing Unit and under staffed issues.

The Commission relied on testimony from the Department of Justice that the Amendment 782 and it's retroactivity(Amendment 788), would not undermine public Safety or law enforcement initiatives. To the contrary, the Commission received testimony from several stakeholders that the amendment would permit resources otherwise dedicated to housing prisoners to be used to reduce overcrowding, enhance

programming designed to reduce the risk of recidivism, and to increase law enforce-
ment and crime prevention efforts, thereby enhancing Public Safety. And yet, gover-
ment in this very case, is still will agitate and advocate in opposition against
this Defendant, on same very issue of Public safety the Commission's various datas
has proven otherwise, in respective of both Amendment 782 and 788. **-see Chapter 1,
Part A to Amendment 782 and 788 to the United States Sentencing Guidelines(modifica-
tion of the Sentencing Table(§2D1.1(c) for all federal drug offenders, by reducing
all base offense levels by two).**


## B). Prior Denial:

No time is riped as the present, to put Mr. Ugochukwu on count as part of
that **46,000 offenders,** that should have been the beneficiaries of retroactive app-
lication of Amendment 782 subject to the Limitation in §1B1.10(e), as calculated
by the Congress through it's Commission. **-see U.S.S.G. Chapter 1,Part A: Amendment
788.**

The Defendant was and had been eligible to this provional relief. His prior
denial was not denied because of **meritorous ineligibility** but rather solely on
seriousness of the offense and public safety issues. **-see DKTS. #877 PageID 7248
(Overall, the defendant's conduct during his period of incarceration cannot outwei-
gh the danger he poses to the public.....Continued incarceration is necessary to
protect the public and afford adequate deterrence to further criminal conduct).**

The Defendant has served **fourteen(14) years** of his original sentence, that
reflects the seriousness of  his offense and has promoted his respect for the law.
Being a Pro se litigant, requies tedious study and understanding of what the law
of the Land entails. It is a fact that, only those who understand the law, respect
it. And also being in prison this long and during the one of the most dangerous
disease/virus **COVID-19** Pandemic, was more than a wake-up call for the Defendant.
Having couple of your cell-mates and few of your Housemates pass-away and you have
to attend the memorial service in the Chapel, would definately jolt your life in
a good way. It makes one realize that, it could possibly be them, taken away in a
stretcher, lifeless or went to the Medical and never come back. Besides that, **Age**
and **Prsion**  has taught thsi Defendant on how to appreciate what matters most in
life:- **family and freedom.**

The Defendant's 3553(a) factors was **extensively discussed, calculated and
accounted for,** at his original sentencing hearing. **-see DKTS. #685, PageID 5477-79
(so i can't understate the seriouness of this type of crime, the need for a hash
sentence to protect the public, reflect the seriousness of the offense, and improve**

this offender's conduct).

Furthermore, the Sixth Circuit court had ruled that beyond relying on the district courts analysis at the Original Sentencing Hearing, the Court's briefly discussion of the defendant's nature and circumstances of offense; high risk for recidivism; and the need to protect the public, are sufficient justification of negation in determination of granting request for Sentencing in Reduction, especially in sentences that are well above the amended guidelines range set by the Congress. -see 28 U.S.C. §991(b); **Rita v. United States, 551 U.S. 338,348-49,127 S.Ct. 2456,168 L.Ed.2d 203(2007); United States v. Smith, 959 F.3d 701(6th Cir. 2020)(However, these consideration are accounted for within the guidelines calculation and therefore do not provide sufficient justification for maintaining a sentence that is twice the maximum of the guideline range set by the Congress); United States v. Keefer,832 F.App'x 529,2020 U.S. app. LEXIS 32723,2020 WL 6112795, at *4(6th Cir. 2020)(describing the "common scenerio" where "the district judge who sentenced the defendant is the same judge who considers the defendant's reduction-of-sentence motion" and thus "will already have considered and balanced the §3553(a) factors the first time around at the original sentencing); United States v. Domenech, No. 21-1434/1466,2023 U.S. App. LEXIS 7691(6th Cir. 2023) (Yes, the court considered "the scale and harm of [the brothers] criminal conduct" and their "risk of recidivism", but as we found in Smith, there considerations already "are accounted for within the guidelines calculation" and thus do not provide "sufficiently compelling justification" for leaving in place a sentence well above the amended guidelines range).**


## C). Disparities:

The Congress in their reason for the Amendment 782, revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 incorporate the Statutory Mandatory Minimum Penalties for such offenses thereby reduces by the **two levels** the offense levels assigned to the quantities that trigger the Statutory Mandatory Minimum penalties, resulting in corresponding guidelines range that include the mandatory minimum penalties. It means that the new entrants into the justice system, had already been benefiting from this provision since 2014, while the already sentenced individuals in the exact similar situation as this defendant, had also been benefiting since November 1,2015, because of Amenment 788.

This Court had ruled that, "The purpose of the disparities analysis is to make certain that they avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct". -see **DKTS. #685 PageID #5473-74(Sentencing Hearing).**

Due to the Congress amendment or correction on U.S.S.G. §2D1.1(c), defendant's Base offense level of 36 and his Total offense level of **40**, is no longer applicable to his type of crime. There are an **excess disparities** of **Seven(7)** years or more to his sentence in comparing to this present day cases with a similar situations. Those individuals had been enjoying these benefits of Congress's legal correction of **34** Base offense level and **38** Total offense level for quite some time now, while Mr. Ugochukwu is still fighting for his, after **Nine(9)** years of it's enactment. That is very troubling, because Congress had decreed that Mr. Ugochukwu's crime, does no more fit the length of his punishment at this moment in time. As the Supreme Court had noted in **Solem v. Helm,463 U.S. 277,77 L.Ed.2d 637,103 S.Ct. 3001,** The Eight Amendment's proscription of Cruel and Unusual punishments prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. **-see Robinson v. California,370 U.S., at 667,8 L.Ed.2d 758,82 S.Ct. 1417 (1962)(A single day in prison may be unconstitutional in some circumstances).**

So also, This Sixth Circuit's precedent had already ordered that when a district court is deciding on whether to grant a defendant's motion Under First Step act, that judge may consider, as simply a factor that the defendant was sentenced based in part on what would now be considered a legal mistake. **-see United Statesv. Lawson,824 F.App'x 411,4112(6th Cir. 2020); U.S.S.G. chapter 1, Part A: Amendment 782(The amendment also reflects the fact that the guidelines now more adequately differentiate among drug trafficking offenders than when the Drug Quantity Table was initially established).**

## CONCLUSION

Based on the above stated facts, Mr. Ugochukwu is eligible for a sentence reduction Under Amendment 782 and it's 788. In the motion, he has requested sentence of 235 months, and provided information to support that request.

For these reasons, Mr. Christopher Ugochukwu requests that the Court grant this motion and impose a sentence of **235** months.

Respectfully submitted this 25th day of September, 2024

Christopher Ugochukwu

F.C.I. Medium #1
P.O.Box 3725
Adelanto, CA 92301

## CERTIFICATE OF SERVICE

     This is to certify a true and correct copy of Defendant's, Christopher Ugochukwu's  MOTION TO REDUCTION OF SENTENCE UNDER 18 U.S.C. §3582(c)(2), via U.S.S.G. AMENDMENT 782 and it's 788 brief is mail on this 25th day of September, 2024, to the Clerk of the Court for filing. Please do notify and send copies to all parties who have vested interest in this matter and also, are indicated on the electronic filing.

Christopher Ugochukwu

Defendant, pro se

F.C.I Medium #1

P.O.Box 3725

Adelanto, CA 92301