UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:10-cr-00405 |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| CHRISTOPHER UGOCHUKWU, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

This matter is before the Court on the *Defendant's Motion for Compassionate Release* (Doc. 1015) (the "Motion") and the *Defendant's Supplemental Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)* (Doc. 1032) (the "Supplement") filed by *pro se* Defendant Christopher Ugochukwu ("Ugochukwu"). The United States of America filed a response (Doc. 1055), and Ugochukwu filed an additional reply (Doc. 1065). After the Court issued its opinion (Doc. 1072) denying the Motion and Ugochukwu appealed, the Sixth Circuit remanded the case and directed the Court to review any unaddressed arguments. *See United States v. Ugochukwu*, No. 24-3087, 2024 U.S. App. LEXIS 24284 (6th Cir. Sep. 24, 2024).

For the reasons stated below, the Motion is DENIED.

I.     BACKGROUND

A federal grand jury charged Ugochukwu with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 13), and unlawful use of a communication facility to facility a drug trafficking offense in violation of 21 U.S.C. § 843(b) (Count 24). Doc. 18. A jury found Ugochukwu guilty as to all counts. Doc. 488.

1

At sentencing, the Court applied a guideline range of 292–365 months based on an offense level of 40 and a criminal history category of I. Doc. 655 at 2. This was founded on a base offense level on 36, which was subsequently increased by four levels pursuant to U.S.S.G. § 3B1.1(a) because Ugochukwu was a leader or organizer of five or more persons in the conspiracy. Doc. 655 at 2. The Court sentenced Ugochukwu to 320 months' imprisonment. Doc. 654.

Ugochukwu now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on changes in the law since the time he was sentenced. He argues that the § 3553(a) factors further weigh in favor of his release.

## II.     LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). It is unclear based on the filings in this case whether Ugochukwu appealed any failure of the Bureau of Prisons to bring a motion for compassionate release on his behalf. However, Ugochukwu filed the Motion on February 2, 2022, over 30 days after his written request for compassionate release to the warden (Doc. 1015-1 at 1), therefore Ugochukwu satisfies this first requirement.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling" circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022). In November 2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, providing for its application to motions for compassionate release filed by defendants. *United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably, the policy statement expounds upon "extraordinary and compelling" reasons and adds new guidance as to when changes in law may be considered. *See* U.S.S.G. §§ 1B1.13(b)(6), (c).

While the Court has discretion to decide whether a defendant moving for compassionate release has established an "extraordinary and compelling" reason, that discretion is not so broad or unlimited as to permit finding a nonretroactive change to federal sentencing law as extraordinary or compelling enough to permit a sentence reduction. *McCall*, 56 F.4th at 1054–55. Rather, "the nonretroactivity of judicial precedent announcing a new rule of criminal procedure is not extraordinary" and "a criminal defendant serving the duration of a lawfully imposed sentence is not compelling." *Id.* at 1056.

Ugochukwu submits several factually and legally incorrect theories in his attempt to establish "extraordinary and compelling" circumstances.

3

### A. Changes in Law

The base offense level applicable to Ugochukwu at the time of sentencing was 36. This was based on 17 kilograms or more of a mixture containing heroin being attributable to Ugochukwu's criminal activity, pursuant to U.S.S.G. § 2D1.1(c)(2). Ugochukwu's offense level was further increase by four (4) to 40, pursuant to U.S.S.G. § 3B1.1(a), based on his aggravating role as an organizer or leader of five or more participants in the offense. Ugochukwu asserts that Count One (conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841 and 846) is not considered a "controlled substance offense" for the purposes of increasing the offense level in the Sixth Circuit due to changes in the law since he was sentenced. Doc. 1015 at 5.

#### i. Nonretroactive Case Law

Ugochukwu relies on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), where the Sixth Circuit held the Sentencing Guidelines' definition of "controlled substance offense" does not extend to attempt crimes. He notes two decisions where the Sixth Circuit applied the reasoning of *Havis* to conspiracy offenses. *See United States v. Stephens*, 812 F. App'x. 356, 357 (6th Cir. 2020); *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020). Ugochukwu reiterates throughout the Motion and Supplement that under *Havis*, his conspiracy conviction is not a controlled substances offense. He further cites to U.S.S.G. §§ 4B1.1 and 4B1.2(b), the sections mainly applicable to career offenders. Doc. 1032 at 4. His arguments fail for two reasons.

First, Ugochukwu had no prior offenses at the time of the underlying charges and the career offender enhancement did not apply. Although not applicable to this case and not effective at the time the Motion was filed, the Court notes that the Sentencing Commission specifically addressed Ugochukwu's apparent argument with the amendment to U.S.S.G. § 4B1.2, effective November

4

2023. The section was amended to add subsection (d) – "Inchoate Offenses Included. The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."

Next, *Havis*, *Stephens*, and *Cordero* were decided years after Ugochukwu was sentenced and there are no retroactive changes to the sentencing law that would give rise to Count One (conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841 and 846) not being considered a "controlled substance offense," to reduce Ugochukwu's base offense level. *See McCall*, 56 F.4th at 1054–55; *see also United States v. Maldonado*, No. 5:16-CR-264, 2021 U.S. Dist. LEXIS 133367, at *4 (N.D. Ohio July 19, 2021) ("The Court recognizes that, given *Havis* and *Cordero*, Defendant's prior drug conspiracy offense might not contribute to a career offender designation today. But *Havis* does not have retroactive effect. Maldonado was correctly sentenced under the law as it stood in 2017.") In other words, even if Ugochukwu were sentenced as a career offender, the *Havis* ruling would have no effect.

In his Supplement, Ugochukwu raises an additional case in support of his argument that intervening changes in law justify a release from prison. He notes *Concepcion v. United States*, 597 U.S. 481, 500 (2022) where the Supreme Court held "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." However, the Sixth Circuit discussed in *McCall* that "*Concepcion* concerned a different and unrelated provision [§ 404(b)] of the First Step Act that explicitly applied retroactively" and "said nothing about the threshold question of whether any given prisoner has established an extraordinary and compelling reason for release." *McCall*, 56 F.4th at 1061 (internal quotation marks and citation omitted).

5

Accordingly, *Concepcion* does not apply here and there are no retroactive changes in law relative to Ugochukwu's conviction pursuant to 21 U.S.C. §§ 841 and 846 that establish an "extraordinary or compelling" circumstance to justify compassionate release.

### ii. The 2014 Sentencing Guidelines Amendment

Last, Ugochukwu incorrectly asserts that his total offense level would be 30 under the standards applied today. Doc. 1015 at 2. This argument appears to assume two conclusions – 1) that his offense level should be lower because the aggravating enhancement pursuant to U.S.S.G. § 3B1.1(a) should not apply, and 2) that the amount of drugs attributable to his criminal activity would be less when his role in the conspiracy is not considered. However, as discussed above, there are no changes in law that affect the consideration of Ugochukwu's role in the conspiracy. Ugochukwu is correct that the Court has previously determined his eligibility for a two-level reduction under the 2014 amendments to the Sentencing Guidelines and declined to reduce the offense level due to the § 3553(a) factors. Doc. 877 at 4. The same analysis applies here.

### B. The Section 3553(a) Factors

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Ugochukwu has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford

adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Ugochukwu asserts that the nonretroactive change in law represented by *United States v. Jones*, 565 U.S. 400 (2012) weighs in his favor of a sentence reduction. *Jones* held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" for Fourth Amendment purposes. *Id.* at 404. While Ugochukwu recognizes that *Jones* was decided after he was sentenced and is not retroactive, he appropriately asserts that Court may consider the "legal mistake" as part of the 18 U.S.C. § 3553(a) factors analysis. Doc. 1032 at 2. The Court is permitted [not required] to consider "intervening developments…as grounds for reducing a sentence." *United States v. Maxwell*, No. 20-5755, 2021 WL 1046498, at *5 (6th Cir. Mar. 19, 2021). The outcome of the *Jones* case does affect the Court's analysis of the other applicable § 3553(a) factors.

Ugochukwu further asks the Court to consider the seriousness of the offense, his age, and the impact of a reduced sentence on public safety. Doc. 1015 at 7–8. Upon consideration of all applicable § 3553(a) factors, the Court has determined that release is not warranted in light of the circumstances of Ugochukwu's case. Most relevant here is the nature of the offenses and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Ugochukwu led an extensive drug

7

trafficking conspiracy related to heroin, where he facilitated the introduction of dangerously large amounts of heroin to the Cleveland community via a smuggling operation based in Nigeria. Doc. 655 at 5. Contrary to Ugochukwu's assertions, the Court finds that the safety of the public and the seriousness of his offense weigh heavily against a sentence reduction. Further, Ugochukwu's age may be considered as part of his history and characteristics. *See United States v. Sherrill*, 972 F.3d 752, 775 (6th Cir. 2020). Ugochukwu was 50 at the time the Motion was filed. Doc. 1015 at 8. This fact does not outweigh the other relevant § 3553(a) factors described herein.

At the time of sentencing, the Court considered the applicable factors and determined that a 320-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court finds the same today.

### III.  CONCLUSION

Ugochukwu does not present extraordinary and compelling circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Defendant's Motion for Compassionate Release* (Doc. 1015) is DENIED.


Date:  December 3, 2024                                   */s/ John R. Adams*
                                                          JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE